**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANTONIO BENNETT,

                           Plaintiff,

                                                              1:26-CV-631
              v.                                              (BKS/DJS)

ACTING N.Y.S. DIVISION OF PAROLE, *et al.*,

                           Defendants.

_____

**APPEARANCES:**

ANTONIO BENNETT
Plaintiff, *Pro Se*
Astoria, New York 11106

**DANIEL J. STEWART**
**United States Magistrate Judge**

                    **REPORT-RECOMMENDATION and ORDER**

       Plaintiff *pro se* filed a Complaint pursuant to 42 U.S.C. § 1983.  Dkt. No. 1, Compl.

He has also filed an application for leave to proceed *in forma pauperis*, Dkt. No. 2, which

this Court has granted by separate order.  Plaintiff's Complaint is before the Court for

initial review pursuant to 28 U.S.C. § 1915 and for the reasons set forth below, the Court

recommends that the Complaint be dismissed with leave to amend.  Plaintiff also seeks

appointment of counsel, Dkt. No. 3, which is denied at this time.

                                         - 1 -

## I. GOVERNING LEGAL STANDARD

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## II. ANALYSIS

Plaintiff commenced this action using a form complaint for actions pursuant to 42 U.S.C. § 1983. *See* Compl. The Complaint also contains numerous exhibits, totaling 475 pages. Dkt. Nos. 1-1-1-6. Plaintiff subsequently filed multiple letters through which he seeks to attach additional documents to his Complaint. Dkt. Nos. 7-9. Despite the voluminous nature of Plaintiff's submissions, the precise nature of his factual and legal claims is unclear.

- 3 -

This failure to provide proper notice renders dismissal of the Complaint appropriate. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The rule serves to make certain that the party named as a defendant is on notice of the claims being asserted against it. *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995). A complaint that fails to comply with these Rules "presents far too heavy a burden in terms of [defendant's] duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). The factual allegations here are exceptionally brief and somewhat unclear. And the Complaint does not identify any specific legal claim of wrongdoing from which a responding party could ascertain the specific causes of action Plaintiff attempts to assert. Moreover, Plaintiff's reliance on multiple additional submissions to supplement the Complaint is inconsistent with the rule against permitting piecemeal pleadings. *Hanyon v. The State of New York*, 2026 WL 980800, at *4 (N.D.N.Y. Apr. 13, 2026).

- 4 -

In addition, the Complaint fails to comply with Rule 10. Rule 10(b) of the Federal Rules of Civil Procedure states:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). "The purpose of Rule 10 is to 'provide an easy mode of identification for referring to a particular paragraph in a prior pleading.'" *Hudson v. Artuz*, 1998 WL 832708, at *2 (quoting *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992)). Here, Plaintiff's Complaint fails to satisfy Rule 10 because he did not state his claims in "numbered paragraphs" with "each claim founded on a separate transaction or occurrence" such that the Court can discern the factual and legal basis of the allegation. FED. R. CIV. P. 10(b).

In cases in which the court dismisses a *pro se* complaint for failure to comply with applicable pleadings rules, it should allow the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995). That is clearly the appropriate resolution here and so the Court recommends that the Complaint be dismissed but that Plaintiff be granted leave to file an amended complaint.

- 5 -

Should Plaintiff be directed by the District Judge to file an amended complaint, I offer the following guidance. Any such amended complaint, which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff, must contain a caption that clearly identifies, by name, each individual/entity that Plaintiff is suing and must bear the case number assigned to this action. It must be a single document. Plaintiff must also clearly state the nature of the suit and the basis for this Court's jurisdiction. The body of the amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. Thus, if Plaintiff claims that his rights were violated on more than one occasion, he should include a corresponding number of paragraphs in the amended complaint for each such allegation, with each paragraph specifying: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights. The amended complaint also must clearly state Plaintiff's legal causes of action.

Plaintiff also seeks the appointment of counsel. Dkt. No. 3. "A party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). A variety of factors must be considered when appointment of counsel is sought, including whether the underlying claims are likely to succeed. *Id.* at 69; *Terminate Control*

- 6 -

*Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). In the present matter, the case is at a very early stage. Indeed, only allegations have been made at this point; no evidence has yet been submitted relating to Plaintiff's claims. At this time, Plaintiff has not met the threshold requirement of demonstrating that his claims seem likely to be of substance. *See Brown v. Utica Police Dep't*, 2017 WL 5514518, at *5 (N.D.N.Y. Nov. 16, 2017) ("Where there are merely unsupported allegations, the moving party does not meet the first requirement imposed by the Second Circuit for appointment of pro bono counsel.") (citation omitted).

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that Plaintiff's Motion for Appointment of Counsel is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

- 7 -

with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:  May 5, 2026
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge